[*Counsel Listed on Signature Block*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ADAPTIX, Inc.,<br>    Plaintiff,<br><br>    v.<br><br>DELL, INC., *et al.*,<br><br>    Defendants. | Case No. 5:14-cv-01259-PSG |
|     v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>    Defendants. | Case No. 5:14-cv-01379-PSG |
|     v.<br><br>SONY MOBILE COMMUNICATIONS, INC., *et al.*,<br><br>    Defendants. | Case No. 5:14-cv-01385-PSG |
|     v.<br><br>HTC CORPORATION, *et al.*,<br><br>    Defendants. | Case No.: 5:14-cv-02359-PSG |
|     v.<br><br>HTC CORPORATION, *et al.*,<br><br>    Defendants. | Case No.: 5:14-cv-02360-PSG |

| | | |
|---|---|---|
| 1 | | |
| 2 | v. | Case No.: 5:14-cv-02894-PSG |
| 3 | KYOCERA COMMUNICATIONS, INC., *et al.*, | |
| 4 | Defendants. | |
| 5 | v. | Case No.: 5:14-cv-02895-PSG |
| 6 | KYOCERA COMMUNICATIONS, INC., *et al.*, | |
| 7 | | |
| 8 | Defendants. | |
| 9 | v. | Case No. 5:14-cv-03112 PSG |
| 10 | ASUSTEK COMPUTER INC., *et al.*, | |
| 11 | | |
| 12 | Defendants. | |

**PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF**

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   BACKGROUND ....................................................................................................1

III.  LAW .......................................................................................................................2

IV.  DISPUTED TERMS AND PHRASES...................................................................3

    A.    "SINR value" ('748 patent, claims 6, 19)................................................3

    B.    "index indication of a candidate cluster with it[s] SINR value" ('748 patent, claims 6, 19).................................................................................4

    C.    "[arbitrarily ordering/arbitrarily ordered]" ('748 patent, claims 6, 19; '212 patent, claims 13, 28)..................................................................4

    D.    "candidate cluster(s)" ('748 patent , claims 6, 19; '212 patent, claims 15, 29).......5

    E.    "the subscriber unit submits updated feedback information after being allocated the set of [subcarriers] to receive an updated set of subcarriers and thereafter receives another indication of the updated set of subcarriers" ('212 patent, claim 18) ..................................................................................5

    F.    "submitting updated feedback information, after being allocated the set of subcarriers to be allocated an updated set of subcarriers, and thereafter the subscriber unit receiving another indication of the updated set of subcarriers" ('212 patent, claim 1).................................................................6

    G.    "continuously monitors" ('212 patent, claim 19) ......................................6

    H.    Various terms Defendants allege are indefinite. .........................................7

V.   CONCLUSION.......................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Network Servs., Inc. v. Convad Commc'ns Grp., Inc.*,
    262 F.3d 1258 (Fed. Cir. 2001) .................................................................................... 3

*C.R. Bard, Inc. v. U.S. Surgical Corp.*,
    388 F.3d 858 (Fed. Cir. 2004) ...................................................................................... 2

*Harris Corp. v. Ixys Corp.*,
    114 F.3d 1149 (Fed. Cir. 1997) .................................................................................... 2

*Interactive Gift Express, Inc. v. Compuserve, Inc.*,
    256 F.3d 1323 (Fed. Cir. 2001) .................................................................................... 2

*MBO Labs., Inc. v. Becton, Dickinson & Co.*,
    474 F.3d 1323 (Fed. Cir. 2007) .................................................................................... 3

*Oatey Co. v. IPS Corp.*,
    514 F.3d 1271 (Fed. Cir. 2008) .................................................................................... 3

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005) ................................................................................ 2, 3

*Rexnord Corp. v. Laitram Corp.*,
    274 F.3d 1336 (Fed. Cir. 2001) .................................................................................... 2

*Thorner v. Sony Computer Ent. Am. LLC*,
    669 F.3d 1362 (Fed. Circ. 2012) .................................................................................. 3

*Vitronics Corp. v. Conceptronic, Inc.*,
    90 F.3d 1576 (Fed. Cir. 1996) ...................................................................................... 2

Plaintiff, ADAPTIX, Inc. ("ADAPTIX"), respectfully submits this brief in support of its proposed constructions for the terms in dispute.

## I.     INTRODUCTION

ADAPTIX alleges that each of the Defendants infringes claims 6, 8, 9, 11, 19, 20, 21 and 22 of U.S. Patent No. 6,947,748 ("the '748 patent") and claims 1, 8, 9, 10, 11, 12, 13, 15, 16, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, and 30 of U.S. Patent No. 7,454,212 ("the '212 patent").[1] Exs. A and B to the Declaration of Anthony L. Miele ("Miele Dec."). These patents are also asserted in related cases in the Eastern District of Texas, *see, e.g.,* 12-cv-017, 12-cv-020, and 12-cv-120, and in this Court, *see, e.g.,* 13-cv-1774, -1776, -1777, -1778, -1844, and -2023.

On December 19, 2013, after a Markman Hearing, this Court issued a Claim Construction Order. *See* 13-cv-01774, Dkt. No. 123 ("this Court's Order").[2] On March 12, 2014, Judge Craven of the Eastern District of Texas also issued a Claim Construction Order ("Judge Craven's Order"). *See* 12-cv-017, Dkt. No. 197.[3]

Where this Court has already construed a term, phrase, or clause, Adaptix has proposed this Court adopt its same construction.

The parties dispute seven terms. Dkt. No. 146.[4] In general, Defendants ask this Court to construe the asserted claims to (1) read in limitations from preferred embodiments; (2) contradict the intrinsic record; and (3) confuse the jury.

## II.    BACKGROUND

The patents relate to the radio interface between subscriber devices (e.g., smartphones) and a cellular base station, and how resources that form the radio interface are allocated and adjusted for each subscriber.

OFDMA is a multiple access procedure in which a number of sub-carriers forming a segment of a frequency spectrum can be allocated for the communication link between the base

---

[1] The '212 patent issued as a continuation of the '748 patent.
[2] This Court explained in that Order that a complete opinion would be issued later, before the entry of any judgment. *Id.* at 4.
[3] On September 19, 2014, Judge Craven entered another Claim Construction Order in certain related cases. *See, e.g.,* 13-cv-446, Dkt. No. 75.
[4] For ease of reference, all docket citations are to the 14-cv-01259 case, unless otherwise specified.

1  station and the mobile station. In OFDMA, each mobile station measures the quality of various
2  segments of the frequency spectrum.  Then, at least one segment preferred for its own
3  communication link is determined through each mobile station and appropriate information is
4  transmitted to the base station.  The base station then allocates a segment for the communication
5  link to each mobile station.  Finally, information is transmitted across the allocated segment to
6  each mobile station through the base station.

### III.     LAW

In claim construction, courts examine the intrinsic evidence to define the patented invention's scope.  *C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 861 (Fed. Cir. 2004). This intrinsic evidence includes the claims, specification, and prosecution history.  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005); *C.R. Bard, Inc.*, 388 F.3d at 861.

Claim terms generally receive their ordinary and customary meaning, the meaning that a person of ordinary skill in the art would have understood the claim term to have as of the filing date of the patent application.  *Phillips*, 415 F.3d at 1313.  "[U]nless compelled to do otherwise, a court will give a claim term the full range of its ordinary meaning as understood by an artisan of ordinary skill."  *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1342 (Fed. Cir. 2001).  The Federal Circuit has cautioned courts from adopting constructions that "contribute nothing but meaningless verbiage to the definition of the claimed invention."  *Harris Corp. v. Ixys Corp.*, 114 F.3d 1149, 1152 (Fed. Cir. 1997).

Nevertheless, a court must at times proceed beyond the bare claim language.  In such instances, "the court should look first to the intrinsic evidence of record, i.e., the patent itself, including the claims, the specification and, if in evidence, the prosecution history."  *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996); *see also Phillips*, 415 F.3d at 1315-17.  Claim construction is complete if the court is able to ascertain an unambiguous meaning for the term, after examining the intrinsic evidence only.  *Interactive Gift Express, Inc. v. Compuserve, Inc.*, 256 F.3d 1323, 1332 (Fed. Cir. 2001).

The Federal Circuit warns against confining the claims to embodiments in the specification, except in the rare circumstance when the patent has demonstrated an "intent to

deviate from the ordinary and accustomed meaning of a claim term by including in the specification expressions of manifest exclusion or restriction, representing a clear disavowal of claim scope." *Thorner v. Sony Computer Ent. Am. LLC*, 669 F.3d 1362, 1366 (Fed. Circ. 2012). In addition, a court should avoid construing a claim in a manner that contradicts or reads out an embodiment in the specification. *MBO Labs., Inc. v. Becton, Dickinson & Co.*, 474 F.3d 1323, 1333 (Fed. Cir. 2007); and *Oatey Co. v. IPS Corp.*, 514 F.3d 1271, 1277 (Fed. Cir. 2008) ("[W]here claims can reasonably [be] interpreted to include a specific embodiment, it is incorrect to construe the claims to exclude that embodiment, absent probative evidence on the contrary.").

Extrinsic evidence such as technical dictionary definitions, treatises, and witness testimony may aid the court in determining the meaning of claims, though it is "less reliable than the patent and its prosecution history in determining how to read claim terms." *Phillips*, 415 F.3d at 1318. Extrinsic evidence may "help educate the court regarding the field of the invention and can help the court determine what a person of ordinary skill in the art would understand claim terms to mean," but such evidence should be considered in the context of the intrinsic record. *Id.* at 1319. Extrinsic evidence however, cannot be used, to "vary, contradict, expand, or limit the claim language from how it is defined, even by implication, in the specification or file history." *Bell Atl. Network Servs., Inc. v. Convad Commc'ns Grp., Inc.*, 262 F.3d 1258, 1269 (Fed. Cir. 2001).

### IV.   DISPUTED TERMS AND PHRASES[5]

#### A.   "SINR value" ('748 patent, claims 6, 19)

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| Calculation based on the Signal-to-Interference-plus-Noise Ratios of the cluster's subcarriers | Signal-to-Interference-plus-Noise Ratio measurement |

This Court has already received extensive briefing, and conducted a Markman hearing, in related cases. Adaptix, in the current cases, has adopted those constructions, based upon that

---

[5] Because the '212 patent is a continuation of the '748 patent, a number of disputed terms and phrases are found in asserted claims from both patents. In addition, the patents share the same specification and drawings, but the column and line numberings are different between the patents. Therefore, to avoid confusion, only the '748 patent specification is cited for intrinsic record support of ADAPTIX's proposed constructions.

1  record. This is one of those already construed terms. Adaptix does not know why Defendants
2  find the Court's construction defective. When Defendants explain their dissatisfaction, Adaptix
3  will respond.

4  All Defendants have argued, so far, is that Adaptix "agreed" to their proposed
5  construction in certain related Texas cases. "Agreed" oversimplifies. In the initial Texas case,
6  Adaptix objected to that construction, but Judge Craven adopted it anyway. In subsequent cases,
7  Adaptix did not object because 1) as Judge Craven had already ruled against Adaptix's position
8  to repeat the objection would have been futile, and possibly annoying; and 2) Judge Craven had
9  defined "measurement" to encompass this Court's construction.

10  Judge Craven kept "measurement" in her construction, explaining that one should take
11  into account "that the scope of the word 'measurement' includes *calculations based on*
12  *measured values, for example an average of multiple distinct measurements*[.]"  12-cv-17, Dkt.
13  No. 180 at 23 (emphasis added).

### B. "index indication of a candidate cluster with it[s] SINR value" ('748 patent, claims 6, 19)

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| "Identifier (ID) of a chosen candidate cluster of subcarriers with its SINR value" | "Identifier (ID) of a chosen candidate cluster of subcarriers accompanied by its SINR value" |

This issue was discussed during Oral Hearing in the related cases on December 19, 2013
(at 91-92), and the Defendants' attempt, then, to narrow this term was rejected by this Court.
Adaptix has adopted the Court's construction, based upon the record in the related cases. As
above, Adaptix does not know why the Defendants find the Court's construction defective.
When Defendants explain their dissatisfaction, Adaptix will respond.

### C. "[arbitrarily ordering/arbitrarily ordered]" ('748 patent, claims 6, 19; '212 patent, claims 13, 28)

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| Order[ed/ing] in a manner not previously defined | Order[ed/ing] in an order not known by the base station |

As above, the Court has already construed this term and Adaptix has adopted that construction, based upon the record in the related cases. Adaptix does not know why Defendants find the Court's construction defective. When Defendants explain their dissatisfaction, Adaptix will respond.

### D.   "candidate cluster(s)" ('748 patent , claims 6, 19; '212 patent, claims 15, 29)

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| plain and ordinary meaning | Chosen candidate clusters of subcarriers |

Defendants' proposed construction confuses. It is not clear how adding "chosen" to this term changes its meaning. In the relevant claims of the patents, the subscriber units "select" a set of candidate subcarriers. The claim language thus already makes apparent that the *candidate* subcarriers are those that have been "selected[.]"  Adding "chosen" creates confusion by adding redundancy.

When Defendants explain their position, Adaptix will respond further.

### E.   "the subscriber unit submits updated feedback information after being allocated the set of [subcarriers]6 to receive an updated set of subcarriers and thereafter receives another indication of the updated set of subcarriers" ('212 patent, claim 18)

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| plain and ordinary meaning | After being allocated the set of subcarriers, the subscriber unit submits updated feedback information and thereafter receives another indication of the updated set of subcarriers *based on the updated feedback information* |

As the '212 patent is a continuation of the '748 patent, they share a common written description.  That written description encompasses various separate inventions.  The '748 patent claims several of them; the '212 claims others.  Other patents, based wholly or in part on that written description, claim still more.  As is common, here the drafter crafts each claim to include just the features in the written description that the patentees want to include in that claim.

---

[6] This term has been ordered corrected by this Court, to change "subscriber units" to "subcarriers" as indicated.

Typically, the drafter will included unmentioned features only in other claims that encompass that feature.

Apparatus claim 18 of the '212 patent describes a system in which the subscriber unit receives an indication of updated set of subcarriers. The patentees chose not to include in the claim a limitation as to the basis for the indicated allocation. The claim would certainly encompass allocations based on updated feedback information, but it would also encompass allocations based only on other criteria, or on no criteria. Nothing in the intrinsic record shows a clear disavowal of this claim scope. *Thorner v. Sony*, *supra* at 1366.  As the limitation here recites the subscriber unit as the actor, not the base station, the limitation should be construed accordingly.

### F. "submitting updated feedback information, after being allocated the set of subcarriers to be allocated an updated set of subcarriers, and thereafter the subscriber unit receiving another indication of the updated set of subcarriers" ('212 patent, claim 1)

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| plain and ordinary meaning | After being allocated the set of subcarriers, submitting updated feedback information and thereafter receiving another indication of the updated set of subcarriers *based on the updated feedback information* |

The patentees drafted this this method claim so that each step is performed on the subscriber unit, not the base station. Commonly, a drafter will craft a method claim to isolate a particular device and thus avoid divided infringement problems. Here, like with claim 18 as discussed above, the patentees directed this claim to the subscriber unit and left out any reference to the criteria that the base station would use to determine its allocation.

### G. "continuously monitors" ('212 patent, claim 19)

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| plain and ordinary meaning | Checks without interruption or break |

The claim construction dispute with respect to claim 19 is not over how to define "continuous," but rather as to the period of continuousness. In the written description, (see figure 1B), the subscriber "continuously monitors pilot symbols/measures SINR and/or other

1  parameters." As the figure illustrates, the period of continuous monitoring begins upon receipt of
2  a periodic broadcast of pilot OFDM symbols and ends when the subscriber selects clusters.
3  Defendants seem to be after a narrow construction requiring the period of continuous monitoring
4  to be endless. Accordingly, Defendants are improperly trying to read a limitation into the claim
5  that conflicts with an embodiment in the specification.
6       For at least the above reasons, Defendants' construction should be rejected.
7         **H.    Various terms Defendants allege are indefinite.**
8       The Defendants assert that a number of claim terms are indefinite, as set forth in the
9  parties joint statement. To the extent that Defendants move the Court to order that these claims
10 are indefinite, ADAPTIX will oppose.
11        **V.    CONCLUSION**
12      For the reasons set forth above, the Court should adopt ADAPTIX's proposed claim
13 constructions.

Dated:  March 20, 2015                    **ADAPTIX, INC.**

                                          By: __/s/ Paul J. Hayes__
                                          Paul J. Hayes (*pro hac vice*)
                                          Kevin Gannon (*pro hac vice*)
                                          **HAYES MESSINA GILMAN HAYES, LLC**
                                          200 State Street, 6th Floor
                                          Boston, MA 02109
                                          phayes@hayesmessina.com
                                          kgannon@hayesmessina.com
                                          Telephone: (617) 439-4200
                                          Facsimile: (617) 443-1999

                                          Christopher D. Banys
                                          Richard C Lin
                                          Jennifer L. Gilbert
                                          Banys, P.C.
                                          1032 Elwell Court, Suite 100
                                          Palo Alto, CA 04303
                                          Telephone: (650) 308-8505
                                          Facsimile: (650) 353-2202
                                          **Attorneys for Plaintiff ADAPTIX, Inc.**