UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADAPTIX, INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DELL INC., et al.,<br><br>　　　　　　Defendants. | Case No. 5:14-cv-01259-PSG<br><br>**ORDER GRANTING-IN-PART MOTIONS TO STAY**<br><br>**(Re: Docket No. 199)** |
| ADAPTIX, INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KYOCERA CORPORATION, et al.,<br><br>　　　　　　Defendants. | Case No. 5:14-cv-02895-PSG<br><br>**ORDER GRANTING-IN-PART MOTIONS TO STAY**<br><br>**(Re: Docket No. 169)** |

　　　　Before the court is a motion to stay the proceedings in two cases involving Plaintiff Adaptix, Inc. The only remaining Defendant in the first case is Cellco Partnership d/b/a Verizon Wireless. The Defendants in the second case include both Verizon and Kyocera Communications, Inc. Verizon has moved for judgment on the pleadings in both cases.[1] Verizon now seeks a stay to

---

[1] *See* Case No. 14-1259, Docket No. 189; Case No. 14-2895, Docket No. 159.

1
Case Nos. 5:14-cv-01259-PSG; -02895
ORDER GRANTING-IN-PART MOTION TO STAY

avoid the burden and expense of fact and expert discovery to come.[2]  Defendants allege that if the court grants their pending motions for judgment on the pleadings, these expenses will have been for naught.

Adaptix opposes the motion to stay the second case.[3]  Adaptix argues that, even if the court grants the pending motion for judgment on the pleadings, some of its claims against Kyocera would still survive.  Adaptix also notes that the motion for judgment on the pleadings might be denied.  It therefore urges the court not to grant the stay, which inevitably would disrupt the trial date and prejudice Adaptix's ability to enforce and license its patents.  At the same time, Adaptix does not oppose the motion to stay the case involving only Verizon.

On balance, the court finds that the arguments in favor of a stay are slightly outweighed by the arguments against.  Although Verizon may be right that an order granting its motions for judgment on the pleadings will render the coming discovery wasteful in retrospect, the court is not persuaded that such a clean sweep is necessarily imminent.  In the absence of such a guarantee, the court prefers to keep the trial date intact.

Based on the agreement of the parties, the first case[4] is stayed.  The Kyocera case[5] is not.

**SO ORDERED.**

Dated: October 5, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[2] *See* Case No. 14-1259, Docket No. 199; Case No. 14-2895, Docket No. 169.

[3] *See* Case No. 14-1259, Docket No. 207; Case No. 14-2895, Docket No. 177.

[4] Case No. 14-1259.

[5] Case No. 14-2895.